# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES, et al.,<br><br>      Defendants. | Case No.: 1:12-cv-00641 - LJO - JLT<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT AND PRE-FILING RESTRICTIONS SHOULD NOT BE IMPOSED |

John Frederick Wheeler ("Plaintiff") commenced this action on April 23, 2012 by filing a complaint against the United States, John Van Boening, Clinica Sierra Vista, Kern Family Health Care, Dr. Hao Bui, and Dr. Kumar Vinoid for racial discrimination, violation of civil rights, and medical malpractice.  (Doc. 1).  Notably, this is the **fourth** action Plaintiff has filed based upon treatment received at Clinica Sierra Vista and Memorial Hospital.[1]  Further, Plaintiff has filed a number of non-

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The Court's records are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).  Therefore, judicial notice is taken of the Court's records in *Wheeler v. Clinica Sierra Vista,* Case No1:12-cv-00286-AWI-JLT (closed on April 18, 2012 for failure to state a claim upon which relief could be granted, and lack of subject matter jurisdiction over federal tort claim); *Wheeler v. United States*, Case No. 1:12-cv-00541-AWI-JLT (dismissal recommended by the Magistrate Judge on April 25, 2012 for failure to state a claim); and *Wheeler v. United States*, Case No. 1:12-cv-00540-LJO-JLT (filed April 9, 2012 and dismissal recommended by the Magistrate Judge on May 4, 2012).

1

meritorious lawsuits in this district, and has been warned "**repeated filing of cases lacking merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed**." *See*, *e.g., Wheeler v. Clincia Sierra Vista*, 2012 U.S. Dist. LEXIS 38832 at *3, n.1 (E.D. Cal. Mar. 19, 2012) (citing *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) (emphasis in original). Nevertheless, Plaintiff has continued to file actions without merit which are subject to dismissal for failure to state a claim upon which relief may be granted.

Pursuant to Local Rule 151(b), the Eastern District of California has adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Under California law, a vexatious litigant is defined as a person who:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . [or]
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

Cal. Code Civ. Pro. § 391(b). Here, it appears Plaintiff qualifies as a vexatious litigant under the above provisions of California law.

Under federal law, the Court is instructed to consider "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Therefore, prior to declaring litigant "vexatious," the Court must (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at1147-48; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Notably, the All Writs Acts as set forth in 28 U.S.C. § 1651(a) "provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski*, 500 F.3d at 1057. The Ninth Circuit explained pre-filing orders should be rare, but "[f]lagrant abuse of the judicial process

2

cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148

As discussed above, Plaintiff appears to satisfy the definition of a vexatious litigant. Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of this order why he should not be declared a vexatious litigant and pre-filing restrictions should not be imposed.

IT IS SO ORDERED.

Dated:   **May 4, 2012**                         /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE