IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendants. | Case No.: 1:12-cv-00641 LJO JLT <br><br> ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSING PRE-FILING RESTRICTIONS <br><br> (Doc. 9) |

John Frederick Wheeler ("Plaintiff") commenced this action on April 23, 2012 by filing a complaint against the United States, John Van Boening, Clinica Sierra Vista, Kern Family Health Care, Dr. Hao Bui, and Dr. Kumar Vinoid for racial discrimination, violation of civil rights, and medical malpractice. (Doc. 1). In addition, Plaintiff seeks to proceed *in forma pauperis* in this action. (Doc. 2). On July 23, 2012, the Magistrate Judge recommended Plaintiff be declared a vexatious litigant and pre-filing restrictions be imposed. (Doc. 9).

**I.     Procedural and Factual History**

Plaintiff has instigated several non-meritorious lawsuits in the district court, and was warned "**repeated filings of cases lacking merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed**." See, e.g., Wheeler v. Clincia Sierra Vista, 2012 U.S. Dist. LEXIS 38832 at *3, n.1 (E.D. Cal. Mar. 19, 2012) (citing De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990) (emphasis in original). In spite

of this warning, Plaintiff initiated this action with the Court, which is the fourth action based upon treatment received at Clinica Sierra Vista and Memorial Hospital.[1]

On May 4, 2012, the Magistrate Judge ordered Plaintiff to show cause why he should not be declared a vexatious litigant. (Doc. 4). Plaintiff filed a motion for an extension of time to file a response to the order to show cause (Doc. 5), which was granted on May 22, 2012. (Doc. 6). Plaintiff was ordered to file a response "on or before June 8, 2012." Id. at 1 (emphasis omitted). He failed to comply with this deadline, and filed an untimely response on June 11, 2012. (Docs. 7-8).

On July 23, 2012, the Magistrate Judge issued Findings and Recommendations that Plaintiff be declared a vexatious litigant and pre-filing restrictions be imposed. (Doc. 9). Plaintiff requested several extensions of time to file objections, and was ordered to file any objections no later than September 4, 2012. (Docs. 13, 16). Plaintiff was reminded that "[f]ailure to file objections within the specified time may waive the right to appeal the District Court's order." (Doc. 13 at 1) (citing Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)). Again, Plaintiff failed to comply with the deadline imposed by the Court's orders. Nevertheless, the Court has read and considered the statements made in his Objections, filed September 6, 2012. (Doc. 17).

## II.  Legal Standards for Vexatious Litigant Status

Pursuant to Local Rule 151(b), the Eastern District of California has adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Under California law, a vexatious litigant is defined as a person who:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . [or]

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The Court's records are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the Court's records in Wheeler v. Clinica Sierra Vista, Case No1:12-cv-00286-AWI-JLT (closed on April 18, 2012 for failure to state a claim upon which relief could be granted, and lack of subject matter jurisdiction over federal tort claim); Wheeler v. United States, Case No. 1:12-cv-00541-AWI-JLT; and Wheeler v. United States, Case No. 1:12-cv-00540-LJO-JLT (filed April 9, 2012 and dismissal recommended by the Magistrate Judge on May 4, 2012).

2

> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

Cal. Code Civ. Pro. § 391(b).

Under federal law, the Court is instructed to consider "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." De Long, 912 F.2d at 1148. "The plaintiff's claims must not only be numerous, but also be patently without merit." Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). Therefore, prior to declaring litigant "vexatious," the Court must (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." De Long, 912 F.2d at 1147-48; Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). The All Writs Acts, as set forth in 28 U.S.C. § 1651(a), "provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski, 500 F.3d at 1057.

### III.    Plaintiff's Prior Litigation

The Magistrate Judge noted, "Plaintiff has filed more than a dozen lawsuits in this Court for civil rights violations since 2009, including six complaints since the beginning of 2012." (Doc. 9 at 3). In addition, the Magistrate Judge observed that "fourteen of Plaintiff's actions have been dismissed for failure to state a cognizable claim, lack of jurisdiction, or failure to comply with the Court's orders." Id.

#### A.    Wheeler v. U.S. Depit of Education, Case No. 1:09-cv-01631-LJO-SMS

On September 15, 2009, Plaintiff initiated an action by filling a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the United States Department of Education and its agents, alleging the defendants violated his civil rights by "attempting to extort" various sums of money from him by collecting funds due on a loan. According to Plaintiff, the defendants' collection attempts caused him mental anguish, embarrassment, and humiliation. The Court noted that Section 1983 was not applicable because the United States Department of Education is a federal agency. In addition,

3

the Court found Plaintiff was unable to bring an action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), because a Bivens action may not be filed against a federal agency and Plaintiff did not allege he was deprived of a right, privilege, or immunity.  See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 486 (1994); Van Strum v. Lawn, 940 F.2d 406,409 (9th Cir. 1991).  Therefore, the Magistrate Judge recommended the complaint be dismissed, and the action was dismissed on August 24, 2010.

### B.      Wheeler v. Healthy Smiles, Case No. 1:09-cv-01772-OWW-SKO

Plaintiff commenced an action against Healthy Smiles and several of its employees on October 8, 2009.  Plaintiff alleged his federal civil rights were violated under Section 1983 because the defendants made a poor set of dentures for him, which caused physical pain and embarrassment. The Court found Plaintiff failed to state a claim under Section 1983 because he failed to plead the defendants acted under the color of state law, or that the defendants deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States.  See Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  In addition, the Court explained that, generally, private parties do not act under the color of state law.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Rather, Plaintiff's claims appeared to be grounded in state law.

Although given leave to amend the complaint, Plaintiff failed to plead facts indicating the defendants acted under the color of state law.  The Court granted Plaintiff a second opportunity to amend the complaint, but he failed to do so.  Therefore, the Magistrate Judge recommended the complaint be dismissed with prejudice for failure to state a claim and for failure to comply with the Court's order, and the recommendation was adopted on January 28, 2011.

### C.      Wheeler v. Payless Towing, Case No. 1:09-cv-01045-LJO-SMS

On October 19, 2009, Plaintiff filed a complaint against Payless Towing, American Lien Sales, Rickenbacker Collection Services, and several individuals engaged in the business of collecting debts and/or repossessing automobiles and stole his vehicle.  In addition, Plaintiff identified the Bakersfield Police Department and City of Bakersfield as defendants, asserting the police would not accept his report regarding theft of the vehicle.  Plaintiff asserted the defendants violated his rights under the Fifth and Fourteenth Amendments of the Constitution, and filed suit pursuant to Section

1983. The Court informed Plaintiff the private defendants were not state actors and acquiescence by police to the repossession of property did not convert repossession into a state action. After granting leave to amend the complaint, the Magistrate Judge recommended dismissal for failure to state a claim. The action dismissed without prejudice on February 10, 2010.

      **D.**      <u>**Wheeler v. American Tobacco Co., Inc.,**</u> **Case No. 1:10-cv-00851-OWW-JLT**

On May 14, 2010, Plaintiff filed a complaint against American Tobacco Company, Inc.; Arnold Schwarzenegger, Governor of California; Barack Obama, President of the United States; Mercy Hospital; Bakersfield Memorial Hospital; the County of Kern; the City of Bakersfield; FoodCo Stores, Inc.; Wal-Mart Stores Nationwide; FoodMax Stores, Inc.; and all stores that sell tobacco or cigarettes. Plaintiff alleged the defendants violated his civil rights and the rights of others by permitting people to smoke in or near buildings that are open to the general public and by permitting people to smoke in state parks, thereby exposing him and others to the dangers of second-hand cigarette smoke.

The Magistrate Judge determined the claims against the private entities must be dismissed because Plaintiff did not present factual allegations supporting his allegation that the defendants were acting under color of state law, or allege any conduct that violated federal, state or local law. The Magistrate Judge found the claims against the County of Kern, the City of Bakersfield, and Kern Medical Center should be dismissed because Plaintiff failed to explain the basis of their liability, and failed to allege the municipal entities caused him damages due to an official policy or custom in place. Further, the Magistrate Judge found the claims against President Obama and Governor Schwarzenegger must be dismissed, because the acts alleged implicated only official action, and President Obama and Governor Schwarzenegger were entitled to immunity. Plaintiff was given leave to file an amended complaint to address these deficiencies, but failed to do so. Therefore, the action was dismissed on August 20, 2010.

      **E.**      <u>**Wheeler v. Social Security Administration,**</u> **Case No. 1:10-cv-01679-LJO-JLT**

Plaintiff initiated the action on September 15, 2010, seeking punitive damages and damages for the emotional distress, humiliation and embarrassment he suffered in the course of his application for Social Security benefits and pursuit of back payments. The Magistrate Judge noted suit against

the Social Security Administration was effectively against the United States, and the agency could not be sued without an express waiver of immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980); State of Neb. ex rel. Dep't. of Soc. Servs. v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998). Also, the Magistrate Judge observed the Court lacked jurisdiction over the action because the Commissioner of the Social Security Administration had not issued a final order. See 42 U.S.C. § 405(g). Finally, Plaintiff was precluded from bringing an action pursuant to Section 1983 or Bivens to challenge the alleged wrongful determination of benefits. See Schweiker v. Chilicky, 487 U.S. at 425, 427-428 (1988). The Magistrate Judge recommended the matter be dismissed based upon sovereign immunity of the defendant and failure to state a claim upon which relief could be granted. The recommendation was adopted, and the action was dismissed on October 20, 2012.

### F. Wheeler v. United States, Case No. 1:11-cv-01045-LJO-JLT

Plaintiff filed a complaint against the United States on June 23, 2011, for violation of his First, Fifth, and Fourteenth Amendment rights. According to Plaintiff, the United States Postal Service refused to forward his mail and persisted in sending mail to a former address. Again, the Court observed the United States had sovereign immunity from suit, and Section 1983 did not constitute a waiver of sovereign immunity. See Mitchell, 445 U.S. at 538; Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011). Thus, the Magistrate Judge determined the Court lacked jurisdiction over the complaint, and the Court dismissed the action on August 22, 2011.

### G. Wheeler v. Bank of America, Case No. 1:11-cv-01270-LJO-JLT

On August 1, 2011, Plaintiff initiated a complaint against Bank of America and several of its employees pursuant to Section 1983 for civil rights violations. The Magistrate Judge determined Plaintiff was unable to pursue claims under the Civil Rights Act because there was no indication that Bank of America acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). In addition, he was unable to state a claim for violation of the Racketeer Influenced and Corrupt Organizations Act, because there was no factual support that the individual defendants acted for the common purpose of engaging in a criminal enterprise. See United States v. Turkette, 452 U.S. 576, 583 (1981). Accordingly, the action was dismissed on January 25, 2012.

### H. Wheeler v. City of Bakersfield, Case No. 1:11-cv-01392-LJO-JLT

Plaintiff filed a complaint against the City of Bakersfield on August 22, 2011. He asserted the City violated his civil rights because he received a notice of violation from a code enforcement officer, informing Plaintiff he had twenty-four hours to remove a vehicle he parked on the grass or he would receive a parking citation. According to Plaintiff, the City's ordinance deprives him of property without due process. In addition, Plaintiff asserted the code enforcement officer violated the Fourth Amendment by entering his property to place the citation on the vehicle.

The Magistrate Judge found Plaintiff failed to identify what procedures were inadequate, and showed the City provided adequate notice. See Zinermon v. Burch, 494 U.S. 113, 128 (1990). Plaintiff was unable to state a claim for substantive due process because he did not allege any facts supporting a claim that Defendant's code was unreasonable, or without a substantial relation to legitimate governmental interest. See Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir. 1989). Finally, Plaintiff was unable to proceed on a Fourth Amendment Claim because he did not have a reasonable expectation for privacy in the area in which his vehicle was parked. See Maisano v. Welcher, 940 F.2d 499, 503 (9th Cir. 1991). Consequently, the Court declined to give leave to amend the complaint, and the action was dismissed on October 19, 2011.

### I. Wheeler v. United States Postal Service, Case No. 1:11-cv-01430-LJO-JLT

On August 24, 2011, Plaintiff filed a complaint against the United States Postal Service ("USPS"), seeking to challenge its policy regarding mail addressed to persons at hotels and apartment houses. Plaintiff asserted the USPS had an obligation to deliver his mail to the address where he lives, and a similar duty to not deliver his mail to an address where he does not live.[2] The Magistrate Judge observed the Court lacked jurisdiction over the action, because the USPS did not waive its sovereign immunity for claims "arising out of the loss, *miscarriage or negligent transmissions* of letter and postal matter." 28 U.S.C. § 2680(b); Dolan v. Postal Service, 546 U.S. 481, 487 (2006) (emphasis added). Therefore, on January 25, 2012, the Court dismissed the action for lack of jurisdiction.

---

[2] The factual allegations in this case were substantively similar to the facts in Wheeler v. United States (Case No. 1:11-cv-01045-LJO-JLT), which was dismissed by the Court two days prior to Plaintiff's filing of the complaint in this action.

**J.        Wheeler v. Mayor of Bakersfield City, Case No. 1:11-cv-01832-LJO-JLT**

Plaintiff filed a complaint against the Mayor of Bakersfield on November 2, 2011.  The Magistrate Judge observed the action was substantively identical to the complaint filed in Wheeler v. Bakersfield City, 1:11-cv-01392-LJO-JLT.  The complaints involved "infringement of the same rights" and the claims arose out of the "same transactional nucleus of facts."  Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  In addition, the action involved the same parties and Plaintiff had received a final judgment on the merits.  Therefore, the Magistrate Judge recommended the action be dismissed as barred by the doctrine of res judicata.  The recommendation was adopted on December 22, 2011, and the action was dismissed with prejudice.

**K.        Wheeler v. Silver Chair, Case No. 1:12-c-v-00260-LJO-JLT**

On February 23, 2012, Plaintiff filed a complaint for racial discrimination in violation of 42 U.S.C. §§ 1981, 1983 and discrimination in public accommodations under 42 U.S.C. §§ 2000a ("Title II").  Plaintiff reported he took a bus and he requested the air conditioner be turned off but the driver refused to do so.  According to Plaintiff, because he is white and the bus driver is African American, she discriminated against him on the basis of race.  The Magistrate Judge noted Plaintiff did not allege facts that the bus driver acted with an intent discriminate against Plaintiff on the basis of race, or the alleged discrimination interfered with the making or enforcement of a contract as required under Section 1981.  See Imagineering v. Kiewit Pacific Co., 976 F.2d 1301, 1313 (9th Cir. 1992).  Also, the Magistrate Judge again informed Plaintiff that private citizens do not generally act under the color of state law, and found Plaintiff failed to present factual allegations to support his assertion that the bus company and its owner were state actors.  See Price, 939 F.2d at 707-08.  Because amendment would be futile, the District Judge denied Plaintiff's request to file an amended complaint, and the action was dismissed on January 28, 2011.

**L.        Wheeler v. Clinica Sierra Vista, Case No. 1:12-cv-00286-AWI-JLT**

On February 27, 2012, Plaintiff initiated an action against Clinica Sierra Vista and Joan M. Alstue, President of Memorial Hospital.  Plaintiff asserted he was being discriminated against on the basis of his race because the majority of the staff at Clinica Sierra Vista is Hispanic, and it seemed Hispanic patients were treated before him.  He asserted claims for medical malpractice, violations of

42 U.S.C. §§ 1981 and 1983, as well as discrimination in places of public accommodation in violation of Title II. The Magistrate Judge noted Clinica Sierra Vista is a federally funded healthcare facility, and as a result the proper defendant in the action was the United States. However, Plaintiff did not plead compliance with the Federal Tort Claims Act, and as a result he was unable to proceed on a claim for medical malpractice. 42 U.S.C. § 233(a). In addition, Plaintiff did not meet his burden to "at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against [him]." See Imagineering, 976 F.2d at 1313. Plaintiff did not allege facts supporting a claim that he suffered discrimination, or that he falls into a protected class. The complaint was dismissed without prejudice on April 18, 2012.[3]

### M.   Wheeler v. Patel, Case No. 1:12-cv-00446-AWI-JLT

Plaintiff filed a complaint for racial discrimination pursuant to Section 1983 and Title II on March 23, 2012, against Ashwin Patel, owner of Wible Pharmacy, and Harvey Hall, founder and president of Hall Ambulance Service, Inc. According to Plaintiff, he had difficulty picking up his prescription medication at Wible Pharmacy, and he believed it was because the employees were different races. In addition, Plaintiff alleged Hall Ambulance attendants placed him on a gurney roughly, which he believed was because he was a male and the medical attendants were female. Once again, the Court informed Plaintiff private parties do not generally act under the color of state law. Further, Plaintiff did not allege facts that the defendants discriminated against him on a prohibited basis, or that he was the member of a protected class. On April 24, 2012, Plaintiff's complaint was dismissed without leave to amend.

### N.   Wheeler v. United States, Case No. 1:12-cv-00540-LJO-JLT

On April 19, 2012, Plaintiff initiated an action against the United States for discriminatory treatment at Clinica Sierra Vista.[4] Again, Plaintiff raised claims for medical malpractice, violations of

---

[3] The Court informed Plaintiff that claims must be related and based upon the same precipitating event, or series of related events against the same defendant. See Fed. R. Civ. P. 18(a). As a result, Plaintiff was unable to proceed on a claim for discrimination against Memorial Hospital in this action. Nonetheless, the Court observed Plaintiff had not shown intent to discriminate on the basis of race by any staff at Memorial Hospital.

[4] Notably, Plaintiff filed the complaint in this action only one day after the dismissal of his prior case against Clinica Sierra Vista for discrimination.

9

42 U.S.C. §§ 1981, 1983 and discrimination in public accommodations under Title II. Plaintiff did not demonstrate compliance with the Federal Tort Claims Act, and even if he had, Plaintiff failed to state a cognizable claim for medical malpractice. In addition, Plaintiff raised precisely the same factual allegations and causes of action as those in Wheeler v. Clinica Sierra Vista. Because Plaintiff had received a judgment on the merits of his claims in the prior action, and there was privity between the United States and Clinica Sierra Vista, the Magistrate Judge recommended the action be dismissed. Finding Plaintiff failed to state a claim for medical malpractice and the remaining claims were barred by the doctrine of res judicata, the District Judge dismissed the action on June 13, 2012.

## IV.     Findings of the Magistrate Judge

The Magistrate Judge noted, "review of Plaintiff's complaints establishes they were both numerous and without merit." (Doc. 9 at 10). In addition, Plaintiff had initiated "more than five actions in the past five years that have been dismissed for failure to state a cognizable claim." Id. Finally, the Magistrate Judge has observed Plaintiff "attempted to re-litigate the same claims that were dismissed by the Court." Id. Therefore, the Magistrate Judge concluded Plaintiff satisfies the definition of a vexatious litigant under Cal. Code Civ. P. §391(b)(1)-(2). Id.

The Magistrate Judge noted: "has informed Plaintiff on a number of occasions that private parties are generally not state actors, he persists in filing complaints against private parties pursuant to Section 1983, alleging violations of his constitutional rights. In addition, the Court has informed Plaintiff he must comply with the Federal Tort Claims Act to proceed on claims against the United States, yet he has continually failed to do so." (Doc. 9 at 10). In each action, Plaintiff requested to proceed *in forma pauperis*, which required "the Court to expend its limited judicial resources to evaluate Plaintiff's complaints for cognizable claims." Id. As a result, the Magistrate Judge found "imposing a pre-filing requirement that the complaint be screened before it may be served would have no impact." Id. Rather, the Magistrate Judge opined "the only method by which the Court, seemingly, can cause Plaintiff take seriously the Court's repeated admonitions that he is obligated to file only non-frivolous matters, is to require that he pay the filing fee [in] this and all future matters." Id. at 10-11.

///

## V. Plaintiff's Objections

In his objections, Plaintiff attempts to re-litigate the cases discussed above, asserting the Court erred in the dismissals of each action. (Doc. 17 at 9-41). According to Plaintiff, he files lawsuits "because he encounters people and places[] in his dayly [sic] life who do [w]rongs to him." Id. at 41. Plaintiff contends he is not a vexatious litigant, but rather a "citizion [sic] seeking justice." Id.

## VI. Discussion and Analysis

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis. As observed by the Magistrate Judge, "Plaintiff appears to use the Court system as a method to vindicate any perceived slight by those with whom he comes in contact, including bus drivers, pharmacists, ambulance attendants, and physicians." (Doc. 9 at 10). Because Plaintiff has not complied with the Court's admonitions to file meritorious claims, pre-filing restrictions will be imposed.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed July 23, 2012 (Doc. 9), are **ADOPTED IN FULL**;
2. Plaintiff **IS DECLARED** a vexatious litigant.
3. Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **DENIED**;
4. Plaintiff **SHALL** pay the filing fee in this action within twenty-one days of the date of service of this Order. If he fails to do so, this Court will dismiss this action; and
5. As a pre-filing condition to initiating any new action before the Court, Plaintiff **SHALL** (1) attach a copy of this Order to his Complaint **and** (2) pay the requisite filing fee.

IT IS SO ORDERED.

Dated:   September 7, 2012          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE