# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES, et al.,<br><br>          Defendant. | Case No.: 1:12-cv-00641 - LJO - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |

John Frederick Wheeler ("Plaintiff") initiated this action by filing a complaint and motion to proceed *in forma pauperis* on April 23, 2012. (Docs. 1-2). On July 23, 2012, Magistrate Judge recommended Plaintiff be declared a vexatious litigant and pre-filing restrictions be imposed. (Doc. 9). This recommendation was adopted by the District Judge on September 10, 2012. (Doc. 18). Plaintiff's motion to proceed *in forma pauperis* was denied, and Plaintiff was ordered to pay the filing fee in this action within twenty-one days of the date of service of the order. (Doc. 18 at 11). To date, Plaintiff has failed to pay the filing fee as ordered, and the action cannot proceed before the Court at this time. *See* 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to comply with the Court's order, or in the alternative, to pay the filing fee as ordered by the Court.

IT IS SO ORDERED.

Dated:   **April 1, 2013**                            /s/ Jennifer L. Thurston
                                                           UNITED STATES MAGISTRATE JUDGE